```
         IN THE UNITED STATES DISTRICT COURT FOR THE
               SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

CARL A. PERRY, JR.,                :

    Plaintiff,                     :

vs.                                :    CIVIL ACTION 04-0778-BH-M

STATE OF ALABAMA, et al.,          :

    Defendants.                    :


## REPORT AND RECOMMENDATION

This § 1983 action was filed by an Alabama prison inmate, along with a Motion to Proceed Without Prepayment of Fees, and was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is the undersigned's recommendation that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) be denied and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

> may be granted, unless the prisoner is under imminent danger of serious physical injury.

During the screening of Plaintiff's Complaint and Amendment (Docs. 1 & 4), the Court discovered after examining the dockets of Alabama's federal district courts that Plaintiff previously had eight actions or appeals dismissed as frivolous or for failure to state a claim upon which relief can be granted, namely, *Perry v. Hopper, et al.,* 98-0613 (N.D. Ala.), *appeal frivolous* (11th Cir. Nov. 19, 1999); *Perry v. Bowen, et al.,* 86-0005-C-S (S.D. Ala. Feb. 14, 1986); *Perry v. Federal Government,* 84-0332-C-B (S.D. Ala. Apr. 26, 1984); *Perry v. Brown, et al.,* 84-0002-H-B (S.D. Jan. 24, 1984), *appeal frivolous* (11th Cir. June 7, 1984); *Perry v. State of Alabama,* 83-0823-H-S (S.D. Ala.), *appeal frivolous* (11th Cir. Jan. 31, 1984); *Perry v. Purvis,* 83-0651-C-S (S.D. Ala. July 13, 1983); and *Perry v. State and Fed. Tax Div., et al.,* 82-1026-C-B (S.D. Ala. Nov. 3, 1982).[1]  Furthermore, in Plaintiff's rambling Complaint and Amendment, his chief complaint is about his conviction, despite references to

---

[1] In addition to these identified actions, this Court's old records and the federal courts' Pacer service computer records show Plaintiff has filed 18 actions in the past.  At this time Plaintiff has another action pending on this Court's docket, *Perry v. Naphcare, et al.,* 02-0508-BH-C, wherein he complains about the lack of treatment for his hepatitis C.

racial situations in prison, being locked-up, his hemorrhoids, and lack of sun screen and treatment for hepatitis C.[2]  Even though Plaintiff briefly asserts these other matters, his requested relief - damages for his years of incarceration and for the abuse he suffered during his incarceration, the grant of a pardon, and the termination of "state employees" (Docs. 1 & 4) - supports the conclusion that this action is a challenge to his conviction.  Accordingly, the Court finds this action's allegations do not demonstrate that Plaintiff was "under imminent danger of serious physical injury" at the time he filed the complaint.  Therefore, he cannot avail himself of the exception to § 1915(g).  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

Because Plaintiff did not pay the $150.00 at the time he filed this action and has not met § 1915(g)'s exception that he is "under imminent danger of serious physical injury," Plaintiff's action is due to be dismissed without prejudice.

---

[2]The Court notes that in regard to the reference to hepatitis C, Plaintiff does not allege in the present complaint that he has hepatitis C, even though he is litigating a claim for lack of treatment for his hepatitis C condition in *Perry v. Naphcare, et al.*, 02-0508-BH-C.

*Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding the action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action). Accordingly, it is recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) be denied and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the

4

party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 25th day of April, 2005.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE